**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MINERVA GIL

                         Plaintiff,

-against-

NUTRIBULLET, LLC; CAPITAL BRANDS, LLC;
HOMELAND HOUSEWARES, LLC; CALL TO
ACTION, LLC; and NUTRILIVING, LLC

                         Defendant(s).

-----------------------------------------------------------------X

Civ. Action No.
1:19-cv-02171-CM

**STIPULATION AND [PROPOSED]**
**PROTECTIVE ORDER**

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED:    11/26/19          │
└─────────────────────────────────┘
```

**PLEASE TAKE NOTICE** that, pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, plaintiff MINERVA GIL ("Plaintiff"), and defendants NUTRIBULLET, LLC ("NUTRIBULLET"), CAPITAL BRANDS, LLC ("CAPITAL BRANDS"), HOMELAND HOUSEWARES, LLC ("HOMELAND"), CALL TO ACTION, LLC ("CALL TO ACTION"), and NUTRILIVING, LLC ("NUTRILIVING") (collectively, "Defendants") (Plaintiff and Defendants are referred to herein individually as a "Party" or collectively as the "Parties") hereby stipulate to, and jointly move this Court for, a Protective Order that governs the handling of any information produced or disclosed by any Party or non-Party in the above captioned matter ("Action"), including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and other pretrial proceedings; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS hereby ORDERED that:

      1.     Any Party or non-Party may designate as confidential any documents, materials, or information which the designating Party considers in good faith to contain non-public,

confidential or trade secret information and which is disclosed through formal or informal discovery in this Action (hereinafter "Confidential Material") including, but not limited to, any written response to interrogatories and requests for admission, documents produced in response to requests for production of documents or subpoenas, deposition transcripts including exhibits, and all information contained in those materials (collectively "Discovery Materials"). The Parties reserve their rights to jointly amend this Stipulation and to supplement the above list as additional categories of Confidential Materials arise through the course of discovery.

2.      Documents produced or written responses served in this Action in response to a request for production, or otherwise, relating to matters that the designating Party deems to be Confidential Material shall be designated as such at the time of production or service of the response(s).  Each document or page of a written response so designated shall be marked with the word "Confidential."

3.      Any Party may designate certain Discovery Materials as "Confidential – Attorneys' Eyes Only" (hereinafter, "Attorneys' Eyes Only Material").  This designation shall be limited to such Discovery Materials that the designating Party believes, in good faith, contain highly sensitive information, the disclosure of which is likely to cause harm to the competitive position of the designating Party or the broader disclosure of which would violate any Party or third parties' constitutional right to financial privacy.  All Attorneys' Eyes Only Materials are included within the meaning of "Confidential" information as used in this Protective Order and, except with respect to the classes of individuals who may view Attorneys' Eyes Only Materials, all the provisions set forth in the Protective Order that apply to Confidential Materials also apply to Attorneys' Eyes Only Materials.  Documents produced or written responses served in this Action in response to a request for production, or otherwise, relating to matters which the

- 2 -

designating Party deems to be Attorneys' Eyes Only Material shall be designated as such. Each document or page of a written response so designated shall be marked with the words "Confidential – Attorneys' Eyes Only."

4.      The production of any document, evidence or testimony not marked as Confidential or Confidential – Attorneys' Eyes Only shall not constitute a waiver of any claim of confidentiality which may attach to the document and such materials.

5.      If any Party or non-Party inadvertently fails to designate any document(s) or written response(s) to a discovery request as Confidential or Attorneys' Eyes Only Material at the time of production or service of the response, it may correct its error by notifying opposing counsel in writing and providing opposing counsel substitute copies of any document(s) or response(s) appropriately marked as Confidential or Confidential – Attorneys' Eyes Only. Within ten (10) days of receipt of the substitute copies, the receiving Party shall return or destroy the previously-unmarked items and all copies thereof. Similarly, if any Party inadvertently designates any document(s) or written response(s) as Confidential or Attorneys' Eyes Only Material, it may correct its error by notifying opposing counsel in writing and providing opposing counsel with substitute copies of the document(s) or response(s) without the Confidential or Confidential – Attorneys' Eyes Only designation. Within ten (10) days of receipt of the substitute copies, the receiving Party shall return or destroy the previously-marked items and all copies thereof.

6.      The receipt of any document, transcript, thing, or information designated Confidential or Confidential – Attorneys' Eyes Only shall not be construed as an agreement by the receiving Party that any such document, transcript, thing, or information is in fact

- 3 -

Confidential or Attorneys' Eyes Only Material, and shall not operate as a waiver of the receiving Party's right to challenge any such designation as provided herein.

7.     A Party may designate as Confidential or Attorneys' Eyes Only Material, the whole or a portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential or Attorneys' Eyes Only Material. The Party designating any portion of a deposition as Confidential or Attorneys' Eyes Only Material may do so on the record at the deposition or shall serve a written statement on the Parties and court reporter specifying the portions of the deposition which are to be designated as Confidential or Attorneys' Eyes Only Material within thirty (30) days after receipt of the deposition transcript. Except as otherwise designated on the record, the entire transcript shall be deemed Confidential prior to the expiration of the thirty-day period. If a document designated as Confidential or Attorneys' Eyes Only Material is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential or Attorneys' Eyes Only Material regardless of whether a Party makes any formal designation thereof.

8.     A Party shall have the right to have the following persons excluded from the presence at a deposition during the taking of testimony designated as Confidential Material or before the introduction of documents or exhibits designated as Confidential Material: all persons except the court reporter, counsel of record, the Parties' experts, the deponent and the Parties (or their representatives who are involved in the handling, prosecution or defense of this Action). Additionally, a Party shall have the right to exclude the Parties (or their representatives) before the taking of testimony designated as Attorneys' Eyes Only or before introducing exhibits designated as Attorneys' Eyes Only.

- 4 -

9.     Confidential Material may be disclosed, given, shown, made available, or communicated only to the following individuals and entities (and then only for purposes of mediation or the prosecution or defense of this Action):

a)     the Court and court personnel;

b)     mediators, referees, or other neutral designees of the Court or the Parties for the purpose of dispute resolution;

c)     court reporters who record depositions or other testimony in this action;

d)     outside counsel of record for the Parties, as well as their paralegals, secretarial and clerical assistants, and employees of such counsel who are actively working on this matter, including independent contractors providing copy services or litigation support for the Parties;

e)     the Parties and their employees and insurers who are actively involved in the prosecution or defense of this Action;

f)     independent experts that have been retained by the Parties in connection with this Action;

g)     any individual or entity expressly named in the particular Confidential Material as having authored or received the information contained in that Confidential Material; and

h)     any other person or Party upon the written agreement of the Party or non-party that designated the Confidential Material (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

10.     Attorneys' Eyes Only Material may be disclosed only to the following persons:

a)      the Court and court personnel in accordance with paragraph 19 herein below;

b)      mediators, referees, or other neutral designees of the Court or the Parties for the purpose of dispute resolution;

c)      court reporters who record depositions or other testimony in this action;

d)      outside counsel of record for the Parties, as well as their paralegals, secretarial and clerical assistants, and employees of such counsel who are actively working on this matter,

e)      independent experts that have been retained by the Parties in connection with this Action;

f)      any individual or entity expressly named in the particular Confidential Material as having authored or received the information contained in that Confidential Material; and

g)      any other person or Party upon the written agreement of the Party or non-Party that designated the Attorneys' Eyes Only Material (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

11.     In the event of a disclosure of Confidential or Attorneys' Eyes Only Materials to a person not authorized to have had such disclosure made to him or her under the provisions of this Stipulation and Protective Order, and in the event the Party responsible for having made or allowed such disclosure becomes aware of such disclosure, that Party shall immediately inform counsel for the Party whose Confidential or Attorneys' Eyes Only Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further

or greater unauthorized disclosure of Confidential or Attorneys' Eyes Only Material is made by anyone.

12.    Before Confidential or Attorneys' Eyes Only Material may be disclosed to third-party consultants and independent experts that are being used or will be used in connection with this Action, such persons must execute a written Confidentiality Agreement, in the form set forth in Exhibit A attached hereto ("Confidentiality Agreement"), acknowledging and agreeing not to discuss or otherwise disclose any material designated Confidential or Confidential – Attorneys' Eyes Only with or to any person except person permitted to receive such Discovery Materials pursuant hereto, who if appropriate, has executed a Confidentiality Agreement.  In the event that the person executes the written agreement, the counsel disclosing the Confidential or Attorneys' Eyes Only Materials shall maintain the executed written agreement.

13.    All Confidential or Attorneys' Eyes Only Material provided in discovery or otherwise in connection with the above-captioned Action shall be used for the prosecution or defense of this Action, and for no other purpose.  Confidential or Attorneys' Eyes Only Material shall not be used or disclosed for any business, commercial or competitive purpose.

14.    Nothing herein shall prevent any of the Parties from using Confidential or Attorneys' Eyes Only Material in any trial in this Action or from seeking further protection with respect to the use of any Confidential or Attorneys' Eyes Only Material in any trial in this Action.  Means to preserve the confidentiality of Confidential or Attorneys' Eyes Only Material presented at any trial shall be considered and, to the extent reasonably possible, implemented in advance of such trial.

15.    A Party shall not be obligated to challenge the designation of any documents or information as Confidential or Attorneys' Eyes Only Material at the time the designation is

made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event of a dispute with respect to the designation of any discovery material as Confidential or Attorneys' Eyes Only Material, counsel shall attempt to resolve the dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the Party challenging the Confidential or Confidential – Attorneys' Eyes Only designation shall send a written notice to the designating Party identifying the challenged Confidential or Attorneys' Eyes Only Material, stating the reasons that the Confidential or Attorneys' Eyes Only Material is being challenged, and giving notice that the Party will move the Court to remove the designation of such information as "Confidential" or "Confidential – Attorneys' Eyes Only." Until such time as the challenge is resolved, such Confidential or Attorneys' Eyes Only Material shall be maintained in accordance with this Stipulated Protective Order.

16.     Nothing in this Stipulation and Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a Party independently from discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated as Confidential or Confidential – Attorneys' Eyes Only.

17.     This Stipulated Protective Order may be modified at any time for good cause shown, and shall not preclude any application to the Court seeking greater or lesser protection for specific documents or seeking termination of the protection provided hereunder for specific material or information.

18.     Nothing in this Stipulated Protective Order shall limit or affect the right of a Party to disclose or to authorize disclosure of Discovery Materials produced by that Party.

6352937.1

19.     All documents, transcripts, pleadings, motions, and other Discovery Materials filed or lodged with the Court comprising, containing, or reflecting Confidential or Attorneys' Eyes Only Material shall be filed or lodged under seal pursuant to the procedures set by the United States District Court for the Southern District of New York and the Parties shall designate the particular aspects of such filings or lodging that contain Confidential or Attorneys' Eyes Only Material. As specified by the Southern District of New York, a party seeking to seal a document must first submit a signed protective order that is to be presented when filing the proposed sealed documents.

20.     The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as Confidential or Attorneys' Eyes Only material by the Parties are in fact confidential.    The Parties incorporate by reference the addendum that was provided by the Court, which is annexed hereto as Exhibit B.  The Parties agree to follow the procedures set forth by the Court in that addendum.

21.     The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

22.     No later than thirty (30) days from the unappealed or unappealable final resolution or settlement of this action, all Confidential and Attorneys' Eyes Only Material, including copies, extracts, or summaries of such materials, within the possession of counsel for a Party shall be delivered to counsel for the Party who produced the Confidential or Attorneys' Eyes Only Material; or in lieu thereof, shall certify in writing that all Confidential or Attorneys' Eyes Only Material has been destroyed.  Notwithstanding the above, counsel of record may

- 9 -

retain a set of pleadings, exhibits, and their own attorney and consultant work product for archival purposes, including portions of any such papers that contain or disclose Confidential or Attorneys' Eyes Only Material.

23.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of the Parties:

a)     to resist discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable law, material as to which a Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to applicable law;

b)     to seek to modify or obtain relief from any aspect of this Protective Order;

c)     to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or

d)     otherwise to require that discovery be conducted according to governing laws and rules.

24.     This Protective Order shall survive the final conclusion of this Action and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Stipulated Protective Order.

6352937.1

Dated: New York, New York
     November 26, 2019

**ATTORNEY FOR PLAINTIFF**          **ATTORNEY FOR DEFENDANTS**

                                    CLAUSEN MILLER, P.C.
By: /s/ Aaron Lavine               By: /s/ Eric T. Krejci
     ABIR COHEN TREZON SALO, LLP        Eric T. Krejci, Esq.
     1901 Avenue of the Stars, Suite 935    28 Liberty Street, Floor 39
     Los Angeles, CA 90067              New York, New York 10005
     Alavine@actslaw.com                ekrejci@clausen.com
     T: 424-288-4367                    T: 212-805-3913
                                        F: 212-805-3939

                                    **SO ORDERED:**

                                    Honorable Colleen McMahon

                                    11 - 26 - 2019

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MINERVA GIL

                                        Civ. Action No.
              Plaintiff,              1:19-cv-02171-CM

-against-                              **AFFIDAVIT**

NUTRIBULLET, LLC; CAPITAL BRANDS, LLC;
HOMELAND HOUSEWARES, LLC; CALL TO
ACTION, LLC; and NUTRILIVING, LLC

                         Defendant(s).

-----------------------------------------------------------------X

1.     My name is _____.

2.     My business address is:

_____

_____

3.     My present employer is _____.

4.     My present occupation or job description is _____.

5.     I have received a copy of the Protective Order entered by the Court in connection with

the action entitled Minerva Gil v. NutriBullet LLC, et. al., in the United States District Court for

the Southern District of New York, Civil Action No. 1:19-cv-02171-CM.

6.     I have carefully read and understand the provisions of the Protective Order.

7.     I will comply with all of the provisions of the Protective Order.

8.     I will hold all Confidential Material, Attorneys' Eyes Only Materials and any duplicates,

notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone

not specifically entitled to access under the Protective Order, and will use the information solely

for purposes of this litigation, except as provided by the Protective Order.

- 12 -

6352937.1

9.      At the conclusion of this litigation, I will return all originals of all Confidential Materials, Attorneys' Eyes Only Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the Party by whom I am employed or retained.

10.     I hereby consent to the jurisdiction of the United States District Court, Southern District of New York for purposes of enforcing this Protective Order.

I hereby declare under the penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Dated:_____, 20__

_____
\

- 13 -

6352937.1

# EXHIBIT B

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE
PARTIES'STIPULATION AND CONFIDENTIALITY ORDER

  The parties understand that the Court's "so ordering" of this stipulation does not make the
Court a party to the stipulation or imply that the Court agrees that documents designated as
"Confidential" by the parties are in fact confidential.

  It has been this Court's consistent experience that confidentiality stipulations are abused
by parties and that much material that is not truly confidential is designated as such. The Court
does not intend to be a party to such practices. The Court operates under a presumption that the
entire record should be publicly available.

  The Court does not ordinarily file decisions under seal or redact material from them.
If the Court issues a decision in this case that refers to "confidential" material under this
stipulation, the decision will not be published for ten days. The parties must, within that ten day
period, identify to the court any portion of the decision that one or more of them believe should
be redacted, provide the court with the purportedly confidential material, and explain why that
material is truly confidential. The Court will then determine whether the material is in fact
genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-
available decision if it concludes that the material discussed is in fact deserving of such
treatment. The Court's decision in this regard is final.

  If this addendum is acceptable to the parties, the court will sign their proposed
confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court
will not sign the stipulation, and should allegedly confidential material be produced, the parties
will be referred to the magistrate judge for a document by document review and decision on
whether that document should be subject to confidential treatment.

6352937.1